UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY CASTILLO, <br><br> Plaintiff, <br><br> v. <br><br> BOBBIE BERKEY, et al., <br><br> Defendants. | Case No. 3:20-cv-05251-BHS-TLF <br><br> REPORT AND RECOMMENDATION <br><br> Noted for August 28, 2020 |

Plaintiff proceeds pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 4. Plaintiff's complaint has been served, most defendants have answered, and the Court has issued a pretrial scheduling order. This matter is before the Court on plaintiff's motions seeking preliminary injunctive relief and appointment of counsel. Dkts. 22, 23. Defendants oppose plaintiff's motions. Dkts. 25-27. The undersigned recommends that plaintiff's motions for preliminary injunctive relief (Dkt. 22) and for counsel (Dkt. 23) be DENIED.

DISCUSSION

**A.    Preliminary Injunction**

Petitioner requests preliminary injunctive relief in the form of an order enjoining "DOC staff" from retaliating against him by interfering with his legal materials and prosecution of this action. Dkt. 22.

Injunctive relief is to be used to address issues related to the underlying violations presented in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th

REPORT AND RECOMMENDATION - 1

Cir.1994) (plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); *see Little v. Jones*, 607 F.3d 1245, 1250–51 (10th Cir .2010) (motion defined as insufficiently related to conduct addressed in complaint); *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir.2010) (no preliminary injunction where motion for relief based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.1997) (same).  Further, a court need not consider claims that were not raised in the complaint.  *McMichael v. Napa County*, 709 F.2d 1268, 1273 n. 4 (9th Cir.1983). It is axiomatic that federal courts do not have jurisdiction over non-parties. *See, e.g.*, *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957). "A court's equitable power lies only over the merits of the case or controversy before it.  When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015); *accord Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam).

Here, plaintiff seeks relief for conduct that is unrelated to the claims raised in his complaint. Specifically, plaintiff's complaint raises claims of inadequate medical care, due process, and a violation of the Americans with Disabilities Act (ADA), related to the denial of orthopedic/medical shoes. But the allegations in plaintiff's motion relate to alleged retaliation and interference with his access to the courts. Plaintiff also seeks injunctive relief against "DOC staff" but does not allege any of the named defendants have engaged in the retaliatory actions. Rather, the kites plaintiff attaches to his motion

1  relate to alleged retaliatory conduct by Sergeant Cardin, who is not named as a
2  defendant in this action. For these reasons alone, plaintiff's motion should be denied.
3  Even if plaintiff's request for relief were related to the claims raised in his complaint
4  and directed against named defendants, he still fails to demonstrate such relief is
5  warranted. To obtain preliminary injunctive relief, the moving party must show: (1) a
6  likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party
7  in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the
8  moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res.*
9  *Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Supreme Court has made clear that the
10 mere possibility of future injury is not sufficient to support the issuance of a preliminary
11 injunction. *See id.*, at 22.
12 Plaintiff has not shown a likelihood of irreparable harm. Defendants present
13 evidence that pursuant to DOC policy an inmate who is not the owner of legal work may
14 have access to the legal work of another inmate only in the law library during regular
15 library hours (or another approved location) while the owner of the legal documents is
16 present. Dkts. 25, 26. Defendants' evidence reflects that plaintiff's legal materials were
17 not confiscated in retaliation for plaintiff's legal actions but because the materials were
18 found in another inmate's cell in violation of DOC policy. *Id.* Plaintiff does not dispute
19 this evidence. Accordingly, plaintiff has failed to show a likelihood of irreparable harm in
20 the absence of preliminary injunctive relief. The Court also notes to at this early stage of
21 the litigation, plaintiff has not shown a likelihood of success on the merits of his claims.
22 Accordingly, plaintiff's motion for preliminary injunctive relief (Dkt. 22) should be
23 DENIED.

REPORT AND RECOMMENDATION - 3

B.   **Motion for Counsel**

Plaintiff also moves for appointment of counsel on the grounds that defendants are retaliating against him by confiscating his legal materials thereby impeding his ability to prosecute his case. Dkt. 23.

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory."). In "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue(s) involved, as well as an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.

At this early stage in the litigation, plaintiff has not demonstrated a likelihood of success on the merits. Nor has plaintiff demonstrated he is unable to articulate his claims pro se in light of the complexity of the legal issues involved.

REPORT AND RECOMMENDATION - 4

Plaintiff's argument that counsel should be appointed is based upon his claim that defendants, or DOC employees generally, are retaliating against him by confiscating his legal materials, thereby preventing him from prosecuting his case. However, as discussed above, the evidence before the Court reflects that plaintiff's legal materials have been confiscated not in retaliation or in an attempt to impede his prosecution of this action, but because those materials have been found in the cells of other inmates in violation of DOC policy. There is no indication in the record that defendants, or DOC staff generally, are retaliating against plaintiff or improperly interfering with his ability to prosecute his case.

Furthermore, plaintiff's legal filings and communications with the Court (including a serviceable complaint) have thus far demonstrated he has an adequate understanding of his case and the legal issues involved as well as sufficient ability to articulate the factual basis of his claim. That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. And plaintiff's claims, related to defendants' failure to provide him with orthopedic/medical shoes, do not appear to involve particularly complex issues of fact or law.

In sum, plaintiff has failed to demonstrate exceptional circumstances warranting appointment of counsel. Plaintiff's motion for appointment of counsel (Dkt. 23) therefore, should also be DENIED.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court DENY plaintiff's motions for preliminary injunctive relief (Dkt. 22) and for counsel (Dkt. 23).

REPORT AND RECOMMENDATION - 5

1  The parties have **fourteen (14) days** from service of this Report and
2  Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 72(b);
3  *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for
4  purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above
5  time limit, the Clerk shall set this matter for consideration on **August 28, 2020**, as noted
6  in the caption.

7  Dated this 12th day of August, 2020.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6