UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HENRY CASTILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOBBIE BERKEY, et al.<br><br>　　　　Defendants. | CASE NO. C20-5251 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. 46, and Plaintiff Henry Castillo's objections to the R&R, Dkt. 47.

## I.　BACKGROUND

Castillo, proceeding pro se and *in forma pauperis*, initiated this 42 U.S.C. § 1983 prisoner civil rights action claiming Department of Corrections ("DOC") employees violated his Eighth and Fourteenth Amendment rights based on an alleged denial of durable medical equipment. Dkt. 4. He also alleges that the DOC employees' conduct denied him reasonable accommodations under the Americans with Disabilities Act
ORDER - 1

1  ("ADA"), 42 U.S.C. §§ 12131–12132, and that a DOC employee arbitrarily "chilled" his grievance regarding these allegations.

Castillo's claims stem from a leg injury he sustained as a result of a car accident in 1981. *Id.* at 8. Castillo alleges his left leg is shorter than his right leg and that he requires elevated medical shoes to prevent bone-on-bone grinding in his knee and to prevent lower back pain that impacts his mobility. He is currently housed at Stafford Creek Corrections Center ("SCCC") and asserts he was given a wheelchair and cane for his disability at SCCC. However, after a riot at SCCC, he was "forced to defend himself" and was subsequently placed in isolation. Based on information contained in the grievances attached to Castillo's complaint, it appears he hit someone with his cane during the riot. As a result, Castillo alleges his wheelchair and cane were taken away by Defendants Stefanie Baltzell, Tim Taylor, and S. Bangs.

Castillo further alleges he made multiple requests for various accommodations for his disability. Specifically, he alleges he requested knee braces and elevated medical shoes. However, he asserts that Defendant Bobbie Berkey informed him that x-rays of his right knee showed that treatment for his moderate arthritis would include a change in medication, but that surgery was not warranted. And he further asserts Defendant Berkey informed him that x-rays showed the discrepancy between the length of his legs was only 1.05cm, and policy requires discrepancies to be greater than 1.2cm for an inmate to receive elevated medical shoes.

Castillo thus brings claims against the individually-named Defendants for violations of his First Amendment, Eighth Amendment, and Fourteenth Amendment

rights and for violations of the ADA. On October 6, 2020, Defendants moved for judgment on the pleadings. Dkt. 34. Plaintiff submitted both a response on December 2, 2020, Dkt. 45, and a surreply on January 4, 2021, Dkt. 43. On January 19, 2021, he additionally filed a motion for extension of time to file a response to Defendants' motion for judgment on the pleadings. Dkt. 44.

On March 23, 2021, Judge Peterson issued the instant R&R recommending that the Court grant Defendants' motion and dismiss Castillo's claims with prejudice. Dkt. 47. The R&R additionally recommended that the Court deny Castillo's motion for extension of time as his response substantively addressed Defendants' arguments. *Id.* at 4. On April 13, 2021, Castillo objected. Dkt. 47. On April 26, 2021, Defendants responded. Dkt. 48.

## II.  DISCUSSION

**A.   Objections to the R&R**

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In his objections, Castillo argues that DOC is negligent in its duty of care under Washington law. *See* Dkt. 47 at 3–5 ("DOC also has a continuing and affirmative duty to protect those in its custody from all foreseeable harms, including harms intentionally cause[d]." (internal citation omitted)). This argument does not respond to the R&R's conclusion that Castillo's § 1983 claim for alleged Eighth Amendment violations fails as a matter of law. Rather, it is a new legal theory for liability.

1   The R&R correctly concluded that Castillo cannot maintain his Eighth
2   Amendment claim because, as evidenced in the exhibits attached to his complaint,
3   Defendants were not deliberately indifferent to a serious medical need. *See Estelle v.*
4   *Gamble*, 429 U.S. 97, 103–04 (1976). Prison officials are deliberately indifferent to a
5   prisoner's serious medical needs when they "deny, delay or intentionally interfere with
6   medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).
7   Furthermore, deliberate indifference is "more than mere negligence or isolate occurrences
8   of neglect." *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (internal citation
9   omitted). Castillo's pleadings and the exhibits attached thereto evidence that SCCC
10  officials have not denied, delayed, or intentionally interfered with the medical treatment
11  of Castillo's leg. The Court agrees with the R&R and Defendants that Castillo's
12  disagreement with treatment is insufficient to support a claim of deliberate indifference.
13  *See* Dkt. 46 at 9. The Court therefore adopts the R&R as to Castillo's § 1983 Eighth
14  Amendment Claim, and this claim is dismissed with prejudice.
15  In his complaint, Castillo asserts that Defendants violated the ADA, but the R&R
16  concluded that Castillo failed to identify a particular service, program, or activity from
17  which he was excluded. *Id.* at 10. For the first time in his objections, Castillo asserts that
18  he has been excluded from activities like yard and gym, that his exercise ability is
19  extremely restricted, and that no effort has been made to place him into a cell with hand
20  holds to assist with the use of toilet facilities because of his disability. Dkt. 47 at 6. These
21  new allegations could plausibly allege an ADA claim and could amount to more than a
22

claim of inadequate treatment for his disability. *Cf.* Dkt. 46 at 11. Therefore, the Court declines to adopt the R&R as to Castillo's ADA claim.

Castillo did not object to the R&R's conclusion that he cannot maintain his grievance claim as a matter of law. *See id.* at 11–12. The Court thus adopts the R&R as to this claim.

**B.     Motion for Extension of Time/Appointment of Counsel**

Additionally in his objections, Castillo moves for extension of time to conduct legal research or, in the alternative, for appointment of counsel. Dkt. 47 at 2. Castillo has previously moved to appoint counsel, Dkt. 23, and the Court denied that motion, Dkt. 36 (adopting Dkt. 31).

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal

1 | issue(s) involved, as well as an inadequate ability to articulate the factual basis of his
2 | claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).
3 | That a pro se litigant may be better served with the assistance of counsel is not the test.
4 | *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154
5 | F.3d 952 (9th Cir. 1998).

6 | Castillo has not demonstrated a likelihood of success on the merits. Nor has he
7 | demonstrated he is unable to articulate his claims pro se in light of the complexity of the
8 | legal issues involved. The remaining legal issues are narrow and are not complex. His
9 | request to appoint counsel is again denied.

10 | **C.    Leave to Amend**

11 | "A district court should grant leave to amend even if no request to amend the
12 | pleading was made, unless it determines that the pleading could not possibly be cured by
13 | the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d
14 | 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue
15 | is whether there is liability as a matter of substantive law, the court may deny leave to
16 | amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

17 | The R&R concluded that Castillo cannot maintain his claims as a matter of law
18 | and recommended that the Court dismiss his claims with prejudice. *See* Dkt. 46 at 13.
19 | Based on the new factual assertions raised in the objections, however, the Court has
20 | concluded that Castillo may have an ADA claim. Therefore, the Court grants Castillo
21 | leave to amend **only** his ADA claim. All other claims are dismissed with prejudice.
22 |

## III. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED in part**;

(2) Defendants' motion for judgment on the pleadings, Dkt. 34, is **GRANTED in part** and **DENIED in part**;

(3) Plaintiff's motion for extension of time, Dkt. 44, is **DENIED**;

(4) Plaintiff may file an amendment complaint as specified above no later than July 9, 2021; and

(5) This matter is re-referred to Judge Peterson for further consideration.

Dated this 26th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge